**FOR PUBLICATION**

```
                 DISTRICT COURT OF THE VIRGIN ISLANDS
                  DIVISION OF ST. THOMAS AND ST. JOHN

ERNEST R. GEORGE,                   )
                                    )
            Plaintiff,              )
                                    )
            v.                      )    Civil No. 2012-98
                                    )
MARILYN ESTHER GEORGE,              )
                                    )
            Defendant.              )
                                    )
```

ATTORNEYS:

**Stefan B. Herpel, Esq.**
Dudley, Topper and Feuerzeig, LLP
St. Thomas, VI
    *For the plaintiff*

**Francis E. Jackson, Jr., Esq.**
Law Offices of Francis E. Jackson, Jr.
St. Thomas, VI
    *For the defendant*

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

Before the Court is the motion of the defendant to dismiss this matter.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

On June 18, 1991, Herbert R. George ("Herbert George"); Marilyn Esther George ("Marilyn George"); and Ernest R. George ("Ernest George") acquired as joint tenants, with survivorship rights, certain real property described as:

> Parcel No. 60-U Estate Bolongo, No. 3
> Frenchman's Bay Quarter, St. Thomas, Virgin

>       Islands, as shown on O.L.G. File No. D9-
>       5049-T91

(Compl. ¶ 5) (the "Property").[1]

On September 8, 2011, Herbert George died. As the Property is held in joint tenancy, Ernest George and Marilyn George each now possess an undivided half interest in the Property.

Ernest George initiated this action against Marilyn George on December 31, 2012. He seeks to partition the Property by sale.

Marilyn George now moves to dismiss this matter. She asserts that the Court lacks jurisdiction because there is not a sufficient amount in controversy. In the alternative, she asserts that Ernest George has failed to state a claim for which relief may be granted. She also asserts that Ernest George has failed to name an indispensable party.

## II. DISCUSSION

### A. Subject-Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject-matter jurisdiction. A Rule 12(b)(1) motion may be treated either as a facial or a factual challenge to the court's subject-matter jurisdiction. *Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000). In considering

---

[1] At the time they acquired the Property, Herbert George and Marilyn George were married. They subsequently divorced. However, their divorce settlement had no effect on their respective ownership interests in the Property.

a facial challenge to subject-matter jurisdiction under Rule 12(b)(1), all material allegations in the complaint are taken as true. *Id.* at 891-92; *see also Taliaferro v. Darby Township. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006) (summarizing the standard for facial attacks under Rule 12(b)(1) as "whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court").

"A factual jurisdictional proceeding cannot occur until plaintiff's allegations have been controverted." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 892 n.17 (3d Cir. 1977).

> Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction-- its very power to hear the case there--is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

*Id.* at 890.

**B.   Failure to State a Claim**

When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint "in the light most favorable to the plaintiff." *In*

*re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The Court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004).

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (citation and internal quotation marks omitted).

In *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court set forth the standard for overcoming a motion to dismiss. A plaintiff is required to allege in the complaint "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A complaint satisfies the plausibility standard when the factual pleadings "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 556). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint which pleads facts " 'merely consistent with' a

defendant's liability, . . . 'stops short of the line between possibility and plausibility of "entitlement of relief." ' " *Id.* (citing *Twombly*, 550 U.S. at 557).

To determine the sufficiency of a complaint the Court must take the following three steps:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 674, 679); see also *Great W. Mining & Min. Co. v. Rothschild LLP*, 615 F.3d 159, 177 (3d Cir. 2010.).

C.   **Indispensable Party**

Federal Rule of Civil Procedure 12(b)(7) permits the dismissal of a complaint for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). Federal Rule of Civil Procedure 19 ("Rule 19") requires the joinder of certain parties under certain enumerated circumstances. *Gen. Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 312 (3d Cir. 2007). In pertinent part, Rule 19(a)(1) provides:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

>           (A)  in that person's absence, the court
>                cannot accord complete relief among
>                existing parties; or
>
>           (B)  that person claims an interest relating
>                to the subject of the action and is so
>                situated that disposing of the action
>                in the person's absence may:
>
>                (i)  as a practical matter impair or
>                     impede the person's ability to
>                     protect the interest; or
>
>                (ii) leave an existing party subject to
>                     a substantial risk of incurring
>                     double, multiple, or otherwise
>                     inconsistent obligations because
>                     of the interest.

Fed. R. Civ. P. 19(a)(1).

The party seeking joinder need only establish that one of the grounds under Rule 19(a)(1) exists. *Whyham v. Piper Aircraft Corp.*, 96 F.R.D. 557, 560 (M.D. Pa. 1982); see also *Koppers Co. v. Aetna Cas. & Sur. Co.*, 158 F.3d 170, 175 (3d Cir. 1998) ("As Rule 19(a) is stated in the disjunctive, if either subsection is satisfied, the absent party is a necessary party that should be joined if possible.") In the event that a plaintiff has not originally joined a necessary party, ordinarily, the proper remedy is to order joinder. Fed. R. Civ. P. 19(a)(2). If, however, a necessary party cannot be feasibly joined, a district court may, in its discretion, order that the case be dismissed. *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 405 (3d Cir. 1993); *Bank of Am. Nat'l Trust & Sav. Ass'n v.*

*Hotel Rittenhouse Assocs.*, 844 F.2d 1050, 1053-54 (3d Cir. 1988).

### III. ANALYSIS

#### A. Subject-Matter Jurisdiction

Marilyn George contends that this matter must be dismissed because the amount in controversy falls below the statutorily prescribed minimum amount. As Marilyn George has not filed an answer, the Court must construe her challenge as a facial one and assume the truth of all allegations in the Complaint. *Mortensen*, 549 F.2d at 892 n.17 (3d Cir. 1977).

The asserted basis for the exercise of this Court's jurisdiction is the diversity of citizenship of the parties. (Compl. ¶¶ 1-4.) Title 12, Section 1332 of the United States Code confers on the district courts jurisdiction over all civil actions between "citizens of different states" "where the matter in controversy exceeds the sum or value of $75,000 . . . ." 28 U.S.C. § 1332(a).

The amount in controversy in a particular action "is determined from the good faith allegations appearing on the face of the complaint. A complaint will be deemed to satisfy the required amount in controversy unless the defendant can show to a legal certainty that the plaintiff cannot recover that amount." *Spectacor Mgmt. Grp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997) (citing *St. Paul Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89

(1938)) (internal citations omitted). When a case involves a dispute over real property, courts look to the value of the property at issue to determine the amount in controversy. *See Land Holdings (St. Thomas) Ltd. v. Mega Holdings, Inc.*, 283 F.3d 616, 620 (3d Cir. 2002) ("Because this foreclosure action concerns a multi-million dollar parcel of property, the amount in controversy requirement was easily met . . . ."); *see also Waller v. Professional Ins. Corp.*, 296 F.2d 545, 547 (5th Cir. 1961) ("[C]ourts look to the value of the property involved rather than the damages that might be suffered, to determine the jurisdictional amount in suits for injunctions, in suits for specific performance of a contract to convey realty, and in suits to remove a cloud from the title of realty . . . .")

The Complaint in this case does not allege the value of the Property. However, it does allege that "[t]he amount in controversy exceeds $75,000." (Compl. ¶ 3.)

A court is not bound by a conclusory allegation of jurisdiction. *Shimsky v. Ford Motor Co.*, 170 F.R.D. 125, 126 (E.D. Pa. 1997). Instead, where the amount in controversy is not apparent from the face of the complaint, the Court is to determine it "by a reasonable reading of the value of the rights being litigated." *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) (citing *Wash. State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977)).

Such a determination is not possible at this juncture because the Complaint is bereft of allegations relating to the actual value of the Property. The Complaint merely alleges that the Property is located on St. Thomas and contains a partially completed house. (Compl. ¶¶ 5, 6.) These allegations do not meaningfully inform the Court as to the value of the Property.

Although the allegations in the Complaint may fall short of what is needed for this Court to determine whether it has jurisdiction, this does not necessarily mean that dismissal is appropriate. It is well settled that, even when a complaint is "dismissable for lack of factual specificity," a plaintiff nonetheless "should be given a reasonable opportunity to cure the defect, if he can, by amendment of the complaint . . . ." *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000) (quoting *Darr v. Wolfe*, 767 F.2d 79, 81 (3d Cir. 1985)); *see also Berkshire Fashions, Inc. v. The M.V. Hakusan II*, 954 F.2d 874, 877 (3d Cir. 1992) ("[N]othing prevents a district court from granting a party leave to amend its complaint to assert a new basis for subject matter jurisdiction . . . .")

The Court must grant leave to amend the complaint regardless of whether the plaintiff has requested it. *See Dist. Council 48 v. Bradley*, 795 F.2d 310, 316 (3d Cir. 1986). Indeed, the Court may refuse to grant a plaintiff leave to amend a dismissable complaint only on the grounds of "undue delay,

dilatory motive, prejudice, and futility." *In re Burlington Coat Factor Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997); *see also Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413-14 (3d Cir. 1993). "Futility" in this context means that the amendment "would not withstand a motion to dismiss." *Massarsky v. Gen. Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983).

Marilyn George has adduced no reason for the Court to believe that permitting Ernest George to amend the Complaint would be inequitable or futile. Significantly, Marilyn George does not suggest that jurisdiction over this action is barred as a matter of law, but rather only that Ernest George has not alleged the facts required for the exercise of this Court's diversity jurisdiction. *See Darr*, 767 F.2d at 81 (holding that a curative amendment should be allowed when the complaint is dismissable due to its lack of factual specificity). Accordingly, Ernest George will be given leave to amend his complaint.[2]

---

[2] Marilyn George further argues that this Court lacks jurisdiction because the value of the Property is, as a matter of fact, less than the jurisdictional minimum. In support of her challenge, she offers a copy of the deed by which she, Ernest George, and Herbert George acquired the Property, which reflects a purchase price of $52,650. (Def.'s Ex. A.) However, as noted above, Marilyn George has not filed an answer in this matter or otherwise controverted the allegations of the Complaint. Thus, at this stage, a factual challenge to jurisdiction is premature. *Mortensen*, 549 F.2d at 892 n.17.

B.  **Failure to State a Claim**

Marilyn George alternatively argues that the Complaint must be dismissed for failure to state a claim for which relief may be granted.

The sole claim asserted in Ernest George's Complaint is for partition by sale. Title 28, Section 451 ("Section 451") of the Virgin Islands Code provides, in pertinent part:

> When several persons hold and are in possession of real property as tenants in common, in which one or more of them have an estate of inheritance, or for life or years, or when several persons hold as tenants in common a vested remainder or reversion in any real property, any one or more of them may maintain an action of an equitable nature for the partition of such real property according to the respective rights of the persons interest therein, and for a sale of such property,or a part of it, if it appears that a partition cannot be had without great prejudice to the owners.

V.I. CODE ANN. tit. 28, § 451.

Marilyn George argues that, because Section 451 refers solely to "tenants in common," joint tenants--such as Ernest and Marilyn George--may not maintain an action for partition. A tenancy in common is the joint ownership of real property "by two or more persons, in equal or unequal undivided shares, each person having an equal right to possess the whole property . . . ." BLACK'S LAW DICTIONARY (9th ed. 2009). A joint tenancy is identical in all respects to a tenancy in common,

except that "each joint tenant has a right of survivorship to the other[s'] share . . . ." *Id.; see also In re Estate of Phillip*, No. 17/1998 (PDS), 1999 WL 314207, at *2 (Terr. Ct. V.I. Apr. 26, 1999).

Assuming Marilyn George's reading of Section 451 to be correct, the absence of a statutory basis for relief is not dispostive. In the Virgin Islands, "[t]he rules of the common law, as expressed in the restatements of the law . . . shall be the rules of decision in the courts of the Virgin Islands . . . in the absence of local laws to the contrary." V.I. CODE ANN. tit. 1, § 4. Section 72 of The Restatement (First) of Property provides, in pertinent part: "When two or more persons have possessory estates in fee simple conditional, as tenants in common, *or as joint tenants* or tenants by the entirety, each has the same power to compel the making of a partition thereof . . . ." RESTATEMENT (FIRST) OF PROPERTY, § 72 (emphasis supplied).

Although Section 451 does not expressly address the rights of joint tenants, nothing in it or elsewhere in the Virgin Islands code is "contrary" to the Restatement provision granting joint tenants the right to seek a partition. Indeed, Section 451 permits partition claims to be brought by tenants in common who also possess "a vested remainder or reversion in any real property . . . ." V.I. CODE ANN. tit. 28, § 451. Joint tenancies

are, strictly speaking, nothing more than tenancies in common for life wherein each tenant holds a remainder in the other tenants' life estates. Moreover, this Court has previously construed Section 451 to apply to joint tenancies. *See Armstrong v. Armstrong*, 266 F. Supp. 385, 394 (D.V.I. 2003) (holding that although joint tenancy could not be dissolved by the Family Court, distribution of the property could "be done in a separate civil action for partition, after consideration of each party's equitable interest." (citing Section 451)).[3]

The Court thus finds that Virgin Islands law permits a joint tenant to seek a partition of the commonly held property. Accordingly, Marilyn George's motion to dismiss for failure to state a claim will be denied.

C. <u>Indispensable Party</u>

Marilyn George alternatively maintains that this matter must be dismissed because Ernest George has failed to name the

---

[3] The Court writes further to note that a joint tenancy may be destroyed by any joint tenant conveying or assigning any interest in the property to another individual at any point after the creation of the joint tenancy. *See Williams v. Mackay*, 54 V.I. 713, 720 n.12 (D.V.I. App. Div. 2009) (citing *Estate of Phillip*, 41 V.I. 37, 42 (V.I. Terr. Ct. 1999); *Foucher v. First Vt. Bank & Trust Co.*, 821 F. Supp. 916, 923 (D. Vt. 1993); *Herring v. Carroll*, 300 S.E.2d 629, 631 (W. Va. 1983); *Milliken v. First Nat'l Bank of Pittsfield*, 290 A.2d 889, 890 (Me. 1972); *Krause v. Crossley*, 277 N.W.2d 242, 245 (S. Ct. Ne. 1979); *Carson v. Ellis*, 348 P.2d 807, 809 (Kan. 1960); 7 RICHARD R. POWELL, POWELL ON REAL PROPERTY, ch. 51-10 at ¶ 617[l]; 20 AM JUR. 2D COTENANCY AND JOINT OWNERSHIP § 4 (2d ed. 1995).). Reading Section 451 to permit only tenants in common, but not joint tenants, to seek partitions would seem especially technical when a joint tenancy can be so easily converted to a tenancy in common.

Virgin Islands Bureau of Internal Revenue (the "VIBIR") as a party.

1.  **Rule 19(a)(1)**

Under Rule 19(a)(1), the Court must first "ask whether complete relief may be accorded to those persons named as parties to the action in the absence of any unjoined parties." *Gen. Refractories*, 500 F.3d at 313. This analysis is necessarily limited to "whether the district court can grant complete relief to persons *already named* as parties to the action; what effect a decision may have on absent parties is immaterial." *Id.* (citing *Angst v. Royal Maccabees Life Ins. Co.*, 77 F.3d 701, 705 (3d Cir. 1996) ("Completeness is determined on the basis of those persons who are already parties, and not as between a party and the absent person whose joinder is sought.")

Here, the sole claim asserted in the Complaint is for partition of the Property. Ordinarily, a claim for partition is brought by a landowner against all other individuals who have some interest in the property at issue. *See* V.I. CODE ANN. tit. 28, § 451; *see also Kean v. Dench*, 413 F.2d 1, 10–11 (3d Cir. 1969) (holding that partition action could be maintained by cotenants even against tenant who challenged the very existence of their ownership interest). This includes any and all creditors having a lien over the property. V.I. CODE ANN. tit. 28, § 453 ("The plaintiff shall make creditors having liens upon the

property or any portion thereof, defendants in the [partition] action.")

  Marilyn George argues that the VIBIR ought to be included in this action because "the Plaintiff has submitted evidence of his claim that he has been paying taxes on the property and, to date, those taxes are still due and outstanding." (Def.'s Mot. to Dismiss, at 9-10.) However, the record belies Marilyn George's assertion. In the Complaint, Ernest George asserts merely that he "has paid property taxes on the Property for a number of tax years, and continues to pay property taxes on the Property." (Compl. ¶ 8.) Aside from these ostensibly inconsistent assertions, there is no other evidence or any other allegation suggesting any taxes are currently owed on the Property. Certainly there is no claim or suggestion that the VIBIR currently has a lien over, or any other interest in, the Property.

  It thus appears that the only individuals with any interest in the Property are the two parties already included in this action. The Court thus finds that there would be no obstacle to affording the named parties "complete relief." *See Gen. Refractories*, 500 F.3d at 313.[4]

---

[4] Ernest George makes much of the fact that this Court has previously held that a mortgagee is not a necessary party for the purposes of Rule 19 in an action for partition of property brought under Virgin Islands law. *See Williams v. Mackay*, 54 V.I. 713, 11-17 (D.V.I. App. Div. 2009). Although that

### 2. Rule 19(a)(2)

"Notwithstanding a determination that complete relief may be accorded to those persons already named as parties to an action, a court still may deem a party 'necessary' under subsection (a)(2) of Rule 19." *Gen. Refractories*, 500 F.3d at 316.

#### i. Rule 19(a)(2)(i)

"Under Rule 19(a)92)(i), the court must decide whether determination of the rights of those persons named as parties to the action would impair or impede an absent party's ability to protect its interest in the subject matter of the litigation." *Id.* (citing *Janney Montgomery Scott*, 11 F.3d at 409 ("[I]t must be shown that some outcome of the federal case that is reasonably likely can preclude the absent party with respect to an issue material to the absent party's rights or duties under standard principles governing the effect of prior judgments.")).

Given the record currently before the Court, it would be premature and speculative to say that any of the VIBIR's rights or interests may be affected by this litigation. As noted above, there is no evidence or allegation suggesting that the VIBIR has any present interest whatsoever in the Property. Accordingly,

---

opinion did not expressly address the significance of Section 453, it held that the mortgagee's lien would be unaffected by the outcome of the partition, and therefore joinder was not necessary. That conclusion is not inconsistent with the Court's holding in the instant matter.

the Court finds that under Rule 19(a)(2)(i), there is no basis for including the VIBIR in this action.

### ii. Rule 19(a)(2)(ii)

Lastly, under Rule 19(a)(2)(ii), "a court must decide whether continuation of the action would expose named parties to the 'substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest [of the proposed additional party].' " *Gen. Refractories*, 500 F.3d at 317 (quoting Fed. R. Civ. P. 19(a)(2)(ii)). This provision is inapplicable because the predicate for its application--that some unnamed party has an interest in the subject matter of the litigation--has not been demonstrated by evidence or allegation. Indeed, the allegations set forth in the Complaint show that only the presently named parties have any interest in the Property. As such, they are not exposed to any risk of multiple or inconsistent obligations should this matter proceed without the inclusion of the VIBIR.

The Court thus finds no reason why the VIBIR ought to be joined in this action. Accordingly, Marilyn George's motion to dismiss this matter for failure to join an indispensable party will be denied.

S\_____
CURTIS V. GÓMEZ
Chief Judge