```
            DISTRICT COURT OF THE VIRGIN ISLANDS
             DIVISION OF ST. THOMAS AND ST. JOHN
```

ERNEST R. GEORGE,                )
                                 )
                 Plaintiff,      )
                                 )
v.                               )    Civil No. 2012-98
                                 )
MARILYN ESTHER GEORGE,           )
                                 )
                                 )
                 Defendant.      )
                                 )

ATTORNEYS:

**Stefan B. Herpel, Esq.**
Dudley Topper & Feuerzeig
St. Thomas, VI
    *For Ernest R. George,*

**Francis E. Jackson, Jr., Esq.**
Law Offices of Francis Jackson
St. Thomas, VI
    *For Marilyn Esther George.*

<u>ORDER</u>

Before the Court is the defendant's motion to dismiss the amended complaint for failure to state a claim.

    I.    <u>FACTUAL AND PROCEDURAL HISTORY</u>

On June 18, 1991, Herbert R. George ("Herbert George"); Marilyn Esther George ("Marilyn George"); and Ernest R. George ("Ernest George") acquired as joint tenants, with survivorship rights, certain real property described as Parcel No. 60-U

Estate Bolongo, No. 3 Frenchman's Bay Quarter, St. Thomas, Virgin Islands, as shown on O.L.G. File No. D9-5049-T91. (Amend. Compl. ¶ 5) (the "Property").[1]

On September 8, 2011, Herbert George died. As the Property is held in joint tenancy, Ernest George and Marilyn George each now possess an undivided half interest in the Property. Ernest George initiated this action against Marilyn George on December 31, 2012. He seeks to partition the Property by sale.

On February 5, 2013, Marilyn George responded by filing a motion to dismiss. She alleged that Ernest George's December 31, 2012, Complaint failed to provide sufficient information for this Court to have subject-matter jurisdiction over the dispute. Marilyn George also alleged that Ernest George's December 31, 2012, Complaint failed to state a claim on which relief could be granted. Specifically, Marilyn George argued that Virgin Islands Code Title 28, Section 451 ("Section 451") does not allow the Court to order partition of property by sale where the parties are joint tenants rather than tenants-in-common.

The Court denied Marilyn George's February 5, 2013, motion in an order and memorandum opinion dated August 2, 2013. In doing so, the Court found that Ernest George's failure to

---

[1] At the time they acquired the Property, Herbert George and Marilyn George were married. They subsequently divorced. However, their divorce settlement had no effect on their respective ownership interests in the Property.

*George v. George*
Civ. No. 2012-98
Order
Page 3

include certain factual allegations on the issue of subject-matter jurisdiction did not mandate dismissal. The Court also stated that Virgin Islands law permits a joint tenant to seek a partition of commonly held property. The Court denied the motion to dismiss and granted Ernest George leave to amend.

On August 16, 2013, Ernest George filed an amended complaint (the "Amended Complaint"). Thereafter, on September 24, 2013, Marilyn George filed the instant motion to dismiss. Marilyn George alleges that Ernest George has failed to state a claim because Virgin Islands law does not permit a joint tenant to seek partition of commonly held property. In a supplement dated September 27, 2013, Marilyn George also states that there are not sufficient allegations to show that partition by sale would be a proper remedy in the instant case. Ernest George opposes the motion.

## II.  DISCUSSION

When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint "in the light most favorable to the plaintiff." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The Court must accept as true all of the factual allegations contained in the complaint and draw all reasonable

*George v. George*
Civ. No. 2012-98
Order
Page 4

inferences in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004).

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

The Supreme Court in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A complaint satisfies the plausibility standard when the factual pleadings "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint which pleads facts "'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of

*George v. George*
Civ. No. 2012-98
Order
Page 5

"entitlement of relief."'" *Id.* (citing *Twombly*, 550 U.S. at 557).

To determine the sufficiency of a complaint under the plausibility standard, the Court must take the following three steps[2]:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 674, 679).

### III. ANALYSIS

**A. Joint Tenants and Partition under Virgin Islands Law**

In determining what rules govern a party's motion, the Court looks at the "function of the motion, not its caption." *Turner v. Evers*, 726 F.2d 112, 114 (3d Cir. 1984); *Smith v. V.I. Port Authority*, Civ. No. 02-227, 2009 WL 3334548, *1 (D.V.I. Oct. 14, 2009). In Marilyn George's motion, she states that "[a]dmittedly, Defendant previously raised this ground

---

[2] *Iqbal* describes the process as a "two-pronged approach" but the Supreme Court took note of the elements a plaintiff must plead to state a claim before proceeding to its two-step approach. Accordingly, the Third Circuit has deemed the process a three step approach. *See Santiago*, 629 F.3d at 130.

*George v. George*
Civ. No. 2012-98
Order
Page 6

[unavailability of partition under Virgin Islands law for joint tenants] without success in Defendant's previous Motion to Dismiss." (ECF No. 11.)  Marilyn George asks the Court to "reconsider its previous rulings to prevent injustice[.]" *Id.* Because Marilyn George seeks the Court's reconsideration of its previous ruling, the instant motion on that issue is more accurately characterized as a motion for reconsideration than as motion to dismiss.  As such, on this issue, Marilyn George's motion is subject to the requirements of Local Rule of Civil Procedure 7.3 ("LRCi 7.3") and Federal Rule of Civil Procedure 59 ("Rule 59").

    Local Rule 7.3 states that

> A party may file a motion asking the Court to reconsider its order or decision. Such motion shall be filed within fourteen (14) days after the entry of the order or decision unless the time is extended by the Court. Extensions will only be granted for good cause shown. A motion to reconsider shall be based on:
>
> 1. intervening change in controlling law;
>
> 2. availability of new evidence, or;
>
> 3. the need to correct clear error or prevent manifest injustice.

Local Rule Civ. P. 7.3.  Rule 59 requires that such a motion must be filed no later than 28 days after the entry of the

*George v. George*
Civ. No. 2012-98
Order
Page 7

Court's decision. Fed. R. Civ. P. 59(e); *see Smith*, 2009 WL 3334548, *1-2.

The Court's order disposing of this issue was entered on August 2, 2013. Marilyn George did not file a motion for an extension of time in which to file a motion for reconsideration. The instant motion was not filed until September 24, 2013, long after the fourteen day deadline imposed by LRCi 7.3 and after the twenty-eight day deadline imposed by Rule 59 as well.

Thus, to the extent that Marilyn George's motion seeks reconsideration of the August 2, 2013, memorandum opinion and order, her motion was not filed timely.

**B. Sufficiency of Allegations for Partition Remedy**

Section 451 states that

> when several persons hold and are in possession of real property as tenants in common . . . any one or more of them may maintain an action of an equitable nature for the partition of such real property . . . and for a sale of such property, or part of it, if it appears that a partition cannot be had without great prejudice to the owners.

V.I. CODE ANN. tit. 28, § 451. Thus, Marilyn George claims, in order to maintain an action for partition by sale, rather than partition in kind, the plaintiff must allege facts sufficient to show a plausible claim that there would be "great prejudice to the owners" without partition by sale. *See id.; Iqbal*, 556 U.S.

*George v. George*
Civ. No. 2012-98
Order
Page 8

at 678 (citing *Twombly*, 550 U.S. at 556). Marilyn George alleges that Ernest George has failed to do so.

In the Amended Complaint, Ernest George states that it is impractical to partition the property equitably in-kind. He states that this is due to the situation of a partially completed house on the property. (Amend. Compl. ¶ 10.) Specifically, Ernest George alleges, in-kind partition "is impossible because title cannot be vested in separate portions of the house and the value of the house relative to the value of the lot makes it impossible to divide the Property into two pieces of equal or nearly equal value." (Amend. Compl. ¶ 14.)

Taking these factual allegations as true, Ernest George has made a plausible claim that in-kind partition would result in great prejudice to the parties. *See Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004)(stating that the Court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the non-moving party). One party would be left with less than a true one-half interest in the Property.

The premises considered, it is hereby

*George v. George*
Civ. No. 2012-98
Order
Page 9

**ORDERED** that Marilyn George's Motion to Dismiss the Amended Complaint, as supplemented, is **DENIED**.

S_____
 **CURTIS V. GÓMEZ**
 **District Judge**