```
               DISTRICT COURT OF THE VIRGIN ISLANDS
                DIVISION OF ST. THOMAS AND ST. JOHN

ERNEST R. GEORGE,                    )
                                     )
                Plaintiff,           )
                                     )
v.                                   )   Civil No. 2012-98
                                     )
MARILYN ESTHER GEORGE,               )
                                     )
                                     )
                Defendant.           )
                                     )
```

ATTORNEYS:

**Stefan B. Herpel, Esq.**
Dudley Topper & Feuerzeig
St. Thomas, VI
    *For Ernest R. George,*

**Francis E. Jackson, Jr., Esq.**
Law Offices of Francis Jackson
St. Thomas, VI
    *For Marilyn Esther George.*

## ORDER

Before the Court is the defendant's motion to dismiss the amended complaint for failure to state a claim.

On June 18, 1991, Herbert R. George ("Herbert George"); Marilyn Esther George ("Marilyn George"); and Ernest R. George ("Ernest George") acquired as joint tenants, with survivorship rights, certain real property described as Parcel No. 60-U Estate Bolongo, No. 3 Frenchman's Bay Quarter, St. Thomas,

Virgin Islands, as shown on O.L.G. File No. D9-5049-T91. (Amend. Compl. ¶ 5) (the "Property").[1]

On September 8, 2011, Herbert George died. As the Property is held in joint tenancy, Ernest George and Marilyn George each now possess an undivided half interest in the Property. Ernest George initiated this action against Marilyn George on December 31, 2012. He seeks to partition the Property by sale.

On February 5, 2013, Marilyn George responded by filing a motion to dismiss. She alleged that Ernest George's December 31, 2012, Complaint failed to provide sufficient information for this Court to have subject-matter jurisdiction over the dispute. Marilyn George also alleged that Ernest George's December 31, 2012, Complaint failed to state a claim on which relief could be granted. Specifically, Marilyn George argued that Virgin Islands Code Title 28, Section 451 ("Section 451") does not allow the Court to order partition of property by sale where the parties are joint tenants rather than tenants-in-common.

The Court denied Marilyn George's February 5, 2013, motion in an order and memorandum opinion dated August 2, 2013. In doing so, the Court found that Ernest George's failure to include certain factual allegations on the issue of subject-

---

[1] At the time they acquired the Property, Herbert George and Marilyn George were married. They subsequently divorced. However, their divorce settlement had no effect on their respective ownership interests in the Property.

matter jurisdiction did not mandate dismissal. The Court also stated that Virgin Islands law permits a joint tenant to seek a partition of commonly held property. The Court denied the motion to dismiss and granted Ernest George leave to amend.

On August 16, 2013, Ernest George filed an amended complaint (the "Amended Complaint"). Thereafter, on September 24, 2013, Marilyn George filed a motion to dismiss for failure to state a claim. Marilyn George alleged that Ernest George failed to state a claim because Virgin Islands law does not permit a joint tenant to seek partition of commonly held property. In a supplement dated September 27, 2013, Marilyn George also argued that there were not sufficient allegations to show that partition by sale would be a proper remedy in the instant case.

The Court denied Marilyn George's motion to dismiss for failure to state a claim, as supplemented, on April 7, 2014. Thereafter, on May 15, 2014, Marilyn George filed the instant motion to dismiss. In it, Marilyn George makes the same arguments she previously made in her September 27, 2013, supplement. In fact, her May 15, 2014, motion repeats nearly verbatim the arguments and authorities utilized in the September 27, 2013, supplement. Marilyn George's May 15, 2014, motion

*George v. George*
Civ. No. 2012-98
Order
Page 4

also seeks the same relief as the September 27, 2013, supplement.

As the Court has already ruled on this issue, the Court construes the instant motion to dismiss as a motion for reconsideration of its April 7, 2014, Order. Local Rule of Civil Procedure 7.3 permits motions for reconsideration only where there is:

1. intervening change in controlling law;
2. availability of new evidence;
3. the need to correct clear error or prevent manifest injustice.

LRCi 7.3. Such motion "shall be filed within fourteen (14) days after entry of the order or decision unless the time is extended by the Court." LRCi 7.3.

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). "Such motions are not substitutes for appeals, and are not to be used 'as a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not.'" *Cabrita Point Dev., Inc. v.*

*Evans*, 52 V.I. 968, 975 (D.V.I. 2009) (quoting *Bostic v. AT & T of the V.I.*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004)).

In the context of a motion to reconsider, "manifest injustice 'generally means that the Court overlooked some dispositive factual or legal matter that was presented to it.'" *Id.* (quoting *In re Rose*, No. 06-1818(JLP), 2007 U.S. Dist. LEXIS 64622, at *3 (D.N.J. Aug. 30, 2007)). Manifest injustice has also been defined as "'an error in the trial court that is direct, obvious, and observable.'" *Tenn. Prot. & Advocacy, Inc. v. Wells*, 371 F.2d 342, 348 (6th Cir. 2004) (quoting BLACK'S LAW DICTIONARY 974 (7th ed. 1999)). "[M]ost cases ... use the term 'manifest injustice' to describe the result of plain error." *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1425 (5th Cir. 1996).

The Court is unaware of, and Marilyn George does not allege that there has been, any intervening change in the law governing partitions by sale.  Indeed, the statute appears completely unchanged since the Court issued its April 7, 2014, order.  The Court is similarly unaware of any newly discovered evidence which might impact its opinion, and Marilyn George does not allege that any such evidence exists. Finally, the Court has reviewed Marilyn George's instant motion, and can find no allegation that there has been clear error or manifest unjustice

in this case. Indeed, the instant motion simply restates nearly verbatim the last motion to dismiss Marilyn George filed with the Court. The instant motion, as a result, seems more like simple disagreement with the Court's prior order. A motion for reconsideration is not the appropriate vehicle to register such discontent. *See Cabrita*, 52 V.I. at 975.

Moreover, in order to be timely, a motion for reconsideration of an interlocutory order must be filed within fourteen days of the entry of said order. *See* LRCi 7.3. The order on which Marilyn George seeks reconsideration was entered on April 7, 2014. Marilyn George did not seek an extension of the time in which she had to file her motion for reconsideration. Marilyn George's motion for reconsideration was filed on May 15, 2014, well past the fourteen day deadline.

The premises considered, it is hereby

**ORDERED** that Marilyn George's motion to dismiss for failure to state a claim is **DENIED**.

S_____
**Curtis V. Gómez**
**District Judge**